Irving J. Reuter v. Commissioner.
Reuter v. Commissioner
Docket No. 340.
United States Tax Court
1944 Tax Ct. Memo LEXIS 201; 3 T.C.M. (CCH) 580; T.C.M. (RIA) 44211; June 16, 1944
*201 Joseph Bradford Coolidge, Esq., 12th Floor Callahan Bldg., Dayton, O., for the petitioner. Cecil H. Haas, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The respondent has determined a deficiency in petitioner's income tax for the year 1940 in the amount of $11,567.91. The question for determination is the amount of gain realized by petitioner in a transaction under which he surrendered to GM Shares, Inc., a Delaware corporation, 400 shares of its class A stock and received in exchange therefor 400 shares of the common stock of General Motors Corporation. The respondent determined that the exchange of stock was a partial liquidation of GM Shares, Inc. and that petitioner realized a taxable short-term gain of $17,257.50. The basis of this determination was that the 400 shares of GM Shares, Inc. cost petitioner $.48125 per share, or a total sum of $192.50, and that the common stock of General Motors Corporation received in exchange had a fair market value of $43.625 per share, or a total value of $17,450. Petitioner contends that his GM Shares, Inc. class A stock had a cost basis of $34.25 per share instead of $.48125 per share as determined by respondent. Petitioner *202 received his class A stock of GM Shares, Inc. through intervening transactions arising out of the ownership of class A and class B stock of Managers Securities Co., hereinafter referred to as "Managers" which he purchased in 1923. The basic question for determination is whether an exchange by petitioner in 1930 of his class A and class B stock in Managers for class A stock in the General Motors Securities Co., hereinafter referred to as "Motors Securities", was in pursuance of a plan of reorganization so that the latter stock took the basis of the Managers stock for the purpose of determining gain or loss. Petitioner contends that he is entitled to use a "stepped-up" basis equivalent to the fair market value of the Motors Securities stock when acquired. The parties agree that the issues presented are substantially identical with those before the Board of Tax Appeals in Chester A. Souther, 39 B.T.A. 197, and Elmer G. Biechler, 40 B.T.A. 184. The facts have been stipulated, and such stipulation is incorporated herein by reference. The parties agree that all of the basic facts in connection with the organization of Managers, *203 its plan of operation, its purchase of common stock of General Motors Co. and of common stock of Motors Securities, the "Agreement of Reorganization" entered into in December 1930 between Managers and Motors Securities, the steps leading up to the surrender by petitioner and others of their class A and class B common stock in Managers and their acquisition of new class A stock in Motors Securities are shown in Chester A. Souther, supra, and need not be repeated here. The additional facts pertaining to the surrender by petitioner of his stock in Managers for Motors Securities class A stock; the subsequent surrender by him of a portion of his Motors Securities stock for General Motors stock; the non-recognition reorganization in 1938 whereby Motors Securities, pursuant to a consolidation agreement, became part of GM Shares, Inc., and the surrender by petitioner in the taxable year of 400 shares of GM Shares, Inc. for 400 shares of General Motors Corporation stock are substantially as follows: In connection with the distribution in dissolution of Managers on December 29, 1930, petitioner received 67,635 shares of Motors Securities class A stock which, *204 on that date, had a fair market value of $34.25 per share. Petitioner did not return as income in his Federal income tax return for the year 1930 any amount as profit realized by him on the conversion of his Managers class A and class B stock into Motors Securities class A stock, nor did the respondent, after examination, increase his income for that year by any amount with respect to any profit derived by him in that year as a result of the transaction. In his Federal income tax return for the year 1931, petitioner reported a capital gain of $2,037,748.46 resulting from the exchange by him of 54,108 shares of his Motors Securities class A stock for an equal number of General Motors Corporations common stock and paid a tax thereon of $254,718.56. Motors Securities continued in existence until December 1938. As of December 5th of that year, it entered into an agreement of consolidation, pursuant to the provisions of the statutes of the State of Delaware, with General Motors Management Corporation, also a Delaware corporation, under the terms of which the two corporations were consolidated, and in a non-recognition reorganization became GM Shares, Inc. At that time, pursuant to the *205 plan of consolidation, the Motors Securities class A stock which petitioner had received on the liquidation and dissolution of Managers in 1930 and of which he still retained 13,527 shares was converted into and became class A stock of GM Shares, Inc. Petitioner received 13,527 shares of such class A stock of GM Shares, Inc.
In the taxable year here involved, petitioner surrendered 400 shares of his GM Shares, Inc. class A stock and received from that company 400 shares of General Motors Corporation common stock. The deficiency arises through respondent's computation of gain upon the exchange in the amount of the difference between the agreed market value of the General Motors common stock so received upon the date of its receipt, and the original cost to petitioner of an aliquot part of his stock in Managers. Petitioner contends that the transaction under which Managers was dissolved and the class A stock of Motors Securities was distributed to him constituted a taxable transaction, and that, consequently, the class A stock of Motors Securities took a basis in his hands of its fair market value at the time of its receipt. He also contends that the distribution to him of General *206 Motors common stock upon his surrender of GM Shares, Inc. class A stock was not a distribution in partial liquidation within the provisions of section 115 (c) of the Internal Revenue Code and any gain thus realized is a capital gain subject to tax under the provisions of section 117 of the Code. Petitioner concedes on brief that "the points relied on and the issues here presented are substantially identical with those before the Board of Tax Appeals in the cases of Souther v. Commissioner, 39 B.T.A. 197, and Biechler v. Commissioner, 40 B.T.A. 184." In addition to these cases, the Board also decided James McEvoy, Memo. Op., September 28, 1939, Docket No. 92069 and James D. Mooney, Memo. Op., June 1, 1940, Docket No. 97397, which involved the same reorganization and the same issues as presented herein. In all of these cases, the same contentions which petitioner now makes were presented to the Board and were rejected. We have reviewed the facts and the law and reach the same conclusion in this proceeding. Cf. Commissioner v. Estate of Anna V. Gilmore, 130 Fed. (2d) 791; Commissioner v. Estate of Warren Webster, Sr., 131 Fed. (2d) 426. *207 We, therefore, hold that the transaction under which the assets of Managers were acquired by Motors Securities in exchange for its class A stock and such stock was distributed by the former company to its stockholders in dissolution, constituted a reorganization within the purview of section 112 (b) (3) and (i) of the Revenue Act of 1928, and that the class A stock received by petitioner in that distribution took the same basis for gain or loss in his hands as the stock formerly held by him in Managers. We further hold that the surrender by petitioner of his class A stock of GM Shares, Inc. for General Motors common stock, under the circumstances, constitutes a distribution in partial liquidation, and that the total gain is taxable to petitioner under the provisions of section 115 (c) of the Internal Revenue Code. Accordingly, Decision will be entered for the respondent.